UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QINGSHENG ZHOU,<br>            Plaintiff,<br><br>       v.<br><br>JAMES E. BOASBERG,<br><br>            Defendant. | Civil Action No.12-cv-0637 (RLW) |

### MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's *pro se* civil Complaint.[1] Plaintiff alleges that he filed a previous complaint in the U.S. District Court for the District of Columbia that was assigned to Judge Boasberg, and that Judge Boasberg subsequently dismissed Plaintiff's complaint in that case. Plaintiff now claims that upon receipt of Judge Boasberg's letter—presumably Judge Boasberg's Memorandum Opinion dismissing the case—he was "hurt." (Compl. at 1). Plaintiff further alleges that Judge Boasberg's dismissal order violated Section 1983 of the Civil Rights Act of 1871. Id. Plaintiff seeks as relief "three hundred millions." Id.

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993). In addition, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57

---

[1] The Court acknowledges that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

(1978).

Plaintiff seeks damages from Judge Boasberg for dismissing, *sua sponte*, a prior case. (Compl. at 1). While it appears that Plaintiff seeks a judgment against Judge Boasberg in his individual capacity, he has not identified any action taken by Judge Boasberg outside of his judicial capacity. Because Judge Boasberg acted solely within his capacity as a federal judge and is therefore entitled to absolute immunity, Plaintiff's claim is barred on judicial immunity grounds. See e.g., Clark v. Taylor, 627 F.2d 284, 287 (D.C. Cir. 1980) (per curiam) (common law immunity of judges applies in suits under 42 U.S.C. § 1983 alleging constitutional rights); Moore v. Motz, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (absolute judicial immunity bars *pro se* plaintiff's claims against federal judges stemming from acts taken in their judicial capacities). Plaintiff's Complaint thus fails to state a claim upon which relief may be granted and will be dismissed with prejudice pursuant to Rule 12(b)(6). See Fed. R. Civ. P. 12(b)(6); Baker v. U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990). The Court notes that the proper mechanism to achieve the relief that the Plaintiff seeks is an appeal of Judge Boasberg's order of dismissal, not a lawsuit against Judge Boasberg in his personal capacity. A separate Order of dismissal accompanies this Memorandum Opinion.

SO ORDERED.

May 1, 2012

_____
Robert L. Wilkins
United States District Judge